FILED

OCT 1 5 2015

CLERK ... COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Government Exhibit 2** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. P-15-CR-425(3) |
| | ) | |
| AMANDA SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

**FACTUAL BASIS**

The United States was prepared to show the following facts through competent evidence beyond a reasonable doubt that the Defendant is guilty had this case gone to trial. The defendant and his/her attorney have signed this factual basis. By signing this factual basis the Defendant admits and stipulates that the following facts are true and accurate and that they support his/her plea of guilt and that the Defendant admits guilt.

On or about September 22, 2015, a Reeves County Sheriff Deputy was patrolling a section of Interstate 10 in Reeves County, Texas, which is in the Western District of Texas. The Deputy observed a Suburban which caught his attention. He followed the vehicle and noticed it had made some minor traffic violations. He followed the vehicle further and did a record check on the vehicle. The vehicle returned with expired registration. The Deputy pulled over the vehicle.

Defendant Amanda Soto was driving, her front seat passenger was Defendant Rosalinda Orona. There were 9 other males in the vehicle, one to include Defendant Antonio Cardona-Garcia.

4

It was determined that all the males in the vehicle were illegally in the country and had entered other than at a designated immigration port of entry. They did so in order to avoid inspection and detection by immigration officers.

One of those males was Francisco Vera-Cruz. The evidence would show that Vera-Cruz paid the smuggling organization or was to pay the smuggling organization. The three Defendants, aiding and abetting each other and others, were involved to smuggle Vera-Cruz and the others to a destination further north in the U.S. In essence, the Defendant's knew these 9 males (to include Cardona-Garcia) were illegally in the U.S. and had no legal authority to enter or remain in the U.S.

In fact, Defendant Cardona-Garcia stated that he was the foot guide for the group. Defendant Orona stated she was recruited to pick up the group and she brought her friend, Defendant Soto along, to help. All three Defendant's stated they were to be paid for their services and that there intent was to further the aliens' presence in the U.S.

Signed this 14 of October, 2015

| AMANDA SOTO | *Elaine Mustard* | *Stewart* for |
|---|---|---|
| AMANDA SOTO | ELAINE MUSTARD | JAMES J. MILLER, JR. |
| Defendant | Defense Counsel | Assistant U.S. Attorney |

*Amanda Soto*
Defendant

FILED
OCT 15 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **GOVERNMENT** |
| | ) | **EXHIBIT NO. 1** |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. P-15-CR-425(3) |
| | ) | |
| AMANDA SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

1. The Defendant will plead guilty to **Count One** of the **Indictment** filed on **October 8, 2015**, and will serve the sentence imposed by the court. At sentencing the United States Attorney will dismiss the remaining counts of the Indictment pertaining to this Defendant.

2. The Defendant acknowledges that defense counsel has advised him/her of the nature of the charge(s), any possible defense(s) to the charge(s), and the range of the possible sentence(s). The Defendant further acknowledges that defense counsel has provided him/her competent legal representation in this case.

3. (a) The United States Attorney and the Defendant agree that the court should consult with, and take into account, the United States Sentencing Guidelines (U.S.S.G.), and the accompanying policy statements, for the calculation of the Defendant's sentence(s) pursuant to 18 U.S.C. § 3553.  The Defendant, however, understands that the U.S.S.G. are only advisory and that the court may take other factors into account in fashioning his/her sentence(s), which could result in greater or lesser punishment than that recommended by the U.S.S.G., and that the sentence(s) imposed can be up to the maximum penalty allowed by statute for the offense(s) to which he/she has agreed to plead guilty.  The Defendant also understands that any recommendation(s) made by the United States Attorney in regards to sentencing is/are not binding on the court.

(b) The Defendant understands that his/her sentence(s) have not yet been determined by

1

the court and that any estimate of the probable sentencing range(s) that may have been received from defense counsel, the United States Attorney, or the United States Probation Office, is/are not binding on the court and, consequently, does not adversely affect the voluntary and intelligent nature of his/her decision to enter the guilty plea(s). In other words, the Defendant understands that he/she may not challenge the validity of his/her guilty plea(s), or the corresponding sentence(s), even if any estimated sentencing range(s) differ substantially from the sentence(s) actually imposed by the court.

4. The United States Attorney recommends to the court that the Defendant be awarded the **third point** for "**acceptance of responsibility**" pursuant to U.S.S.G. § 3E1.1(b)(2) provided that the following conditions are met:

a. The court determines that the Defendant qualifies for the first two points for "**acceptance of responsibility**," and that the Defendant is otherwise eligible for the third point;

b. The Defendant pleads guilty BEFORE the scheduled depositions in this case; and

c. The United States Attorney has not initiated any trial preparations, which includes, but is not limited to, the taking of depositions.

The Defendant also understands that he/she must clearly demonstrate "**acceptance of responsibility**" within the meaning of U.S.S.G. §3E1.1, and if he/she fails to do such then the United States Attorney may, in his sole discretion, recommend against "**acceptance of responsibility**" altogether.

5. At sentencing, the Government will move the Court, pursuant to Sentencing Guidelines § 5K3.1 (Early Disposition Program), to **downwardly depart an additional one level for the early disposition of this case because Defendant timely waived the deposition of the material witnesses provided the Defendant pleads within 10 days after receipt of discovery, to wit on or before October 23, 2015.**

6. The Defendant has signed and agreed to the **Factual Basis (Government Exhibit No. 2)** as the foundation for his/her guilty plea(s).

7. The Defendant waives the right to appeal his/her conviction(s) and sentence(s), to

2

include any appeal right conferred by 18 U.S.C. § 3742, and waives the right to seek relief pursuant to Title 28, United States Code, Section 2255. This waiver does not apply to ineffective assistance of counsel and prosecutorial misconduct of constitutional dimension.

8. This agreement is binding on the United States Attorney for the Western District of Texas and the Defendant. This agreement is not binding on any other United States Attorney or prosecutorial authority.

9. There are no other terms or conditions of this agreement.

RICHARD L. DURBIN, JR.
United States Attorney

JAMES J. MILLER, JR.
Assistant United States Attorney

## ACKNOWLEDGMENT

I have reviewed this agreement and discussed it with my attorney, or this agreement was interpreted for me in a language that I understand and I discussed it with my attorney. I understand this agreement and I will comply with its terms.

Date: 10-14-2015

AMANDA SOTO
Defendant

ELAINE MUSTARD
Defense Counsel

3